UNION BANK OF GEORGETOWN v. THE ADMINISTRATRIX, HEIRS AND TENANTS OF R. J. MEIGS.

*Scire facias* against heirs to subject real estate of ancestor for debts should specifically descri be the lands sought to be charged.

THIS is a *scire facias* to charge real estate of the decedent in execution. It was issued November 27, 1830, and served May 6, 1831. The writ sets forth that the plaintiff recovered judgment in the Supreme Court, at October term, 1828, against the administratrix of Meigs, upon which execution issued, and some personal property was taken and sold, making a small part of the debt, and *nulla bona* returned as to the residue, and prays a remedy. The command of the writ is that it be made known to the administratrix and to the heir at law (who are named), and to the tenants (without naming any one), of all and singular the lands and tenements in said court, whereof the intestate died siezed, to show cause why execution should not be made of the balance of said judgment of these lands and tenements. The return is, "Served the within on Mary Sophia Jackson (the heir), and Sophia Meigs (administratrix), May 6, 1831, in presence of A. V. D. Joline and Silas Cooke, and on

313]   John Brophey, *October 10, 1831, in presence of Daniel Nicoll and William Greene, and on J. E. P. Putnam and William Deval, October 12, 1831, in presence of David Barber and George Barker."

The administratrix and heir plead jointly:

1. That the judgment was recovered against the executrix in her representative character, and she was then and ever since had been a resident in said county, her letters of administration being still in full force.

2. That at October term, 1831, of the court of common pleas of said county, the said administratrix filed her petition for the sale of all the real estate of the deceased in said county which would be required to pay debts, according to law, and then obtained an order of court for the sale, which is still in force.

The plaintiff replied to the first plea that the date of the *fi. fa.* upon which the return of *nulla bona* is made is more than five years before the *scire facias* was sued out; and to the second, that more than five years had elapsed since administration was granted before the date of the *scire facias*.   To these replications there is a general demurrer.

NYE, in support of the demurrer, cited 22 Ohio L. 118, 124, 129; 29 Ohio L. 229, 231, 236, 237; 25 Ohio L. 19; 2 Cranch, 386; 3 Ohio, 466; 2 Ohio, 65; 3 Bur. 456; 1 Wm. Blk. 451; 3 Dal. 378; 4 Dal. 372; 1 Bin. 601; 4 Conn. 209; 2 Peters, 627.

VINTON, contra, cited Swan Land Law, 383; 22 Ohio L. 158; 29 Ohio L. 67, 73, 74, 109, 236; 18 Ohio L. 91; 4 Mass. 620; 9 Mass. 118, 119; 12 Mass. 570, 573; 17 Mass. 380, 385, 386; 1 Ohio, 467; 2 Ohio, 292; 3 Ohio, 225; 1 Saund. 219, n. 8; 1 Wash. 31; 1 Munf. 1; 4 Munf. 289 · 2 Hen. & Munf. 8; 1 Eq. C. Ab. 554; 2 Wm. Blk. 824; 1 Term, 285.

WRIGHT, J., delivered the opinion of the court:

We will now only consider one of the several questions discussed on this demurrer.   Is the writ of *scire facias* and return
314]   sufficient to give the plaintiff a right to execution?   *The writ in this case stands in the place of a declaration, and must show in the plaintiff a title.   This *scire facias* contains no suggestion of any particular real estate of which the intestate died seized, and

284

which it is sought to charge in execution, or that any particular person is tenant of any real estate, late the property of the decedent. The return leaves everything equally uncertain.. How can the court award execution against any particular land upon such a proceeding? In McVickars v. Heirs of Ludlow, 2 Ohio, 246, this court say, "Writs of this description are entered on the record with a mere formal charge, etc., as the declaration in the cause. They. must, therefore, contain everything that is required to constitute a good declaration; or, in other words, they must contain everything that is required to show a right in the plaintiff to the relief prayed for." "The *scire facias* contains an averment that lands descended to the defendants from their ancestor, but what lands, or of what value, or whether they are *now* held by the heirs subject to execution or not, does not appear either in the writ, or in the return, or in any part of the record. And if a judgment should be rendered in this case, there is nothing to guide the officer in making the levy; or if the lands descended have been sold under such circumstances as place them beyond the reach of the judgment creditor, there is nothing from which the value of the assets can be ascertained. Although the statute is silent on this point, yet the nature of the claim set up, and the uniform practice of courts in similar cases, require that the lands which may have descended should be set out in the body of the writ, or ascertained and described in the sheriff's return. The latter course seems to be the practice in the courts of. Westminster. The propriety of ascertaining the lands, or their value, will appear from this consideration that the heir is not answerable beyond the amount of assets descended, and it may be that he has paid other claims against his ancestor to the amount of the assets which came to him by descent. 1 Strange, 665." In Wolf v. Pounsford, 4 Ohio, 397, the case of McVickars v. Heirs of Ludlow is cited and confirmed. The court in the last-named case declined to settle the practice, and left the subject open, with the remark, "That the plaintiff must *see that in some part of [315. the proceedings the assets are shown to have descended to the heirs, so that an issue may be formed, and the matter reduced to a. certainty." We think the better practice would be to make the suggestion in the writ of what lands are descended, by whom held, and to set out all the material facts essential to the right to.

proceed against the particular estate he seeks to charge. Upon the authority of these cases this writ is clearly bad.

The demurrer is sustained, but the plaintiff has leave to amend upon payment of costs.

We leave the other questions in the case wholly unnoticed.